### BALL v. WESTMORELAND AND WALPOLE.

An order of notice upon a petition for laying out or altering a highway, whether filed in term-time or in vacation, must be returnable to the next term; the court has no authority to make it returnable during an existing term.

PETITION of Harding Ball and others for a new highway in Westmoreland and Walpole, entered on the second day of the April trial term, 1874. An order of notice was issued by order of the court, returnable May 8, 1874, to be served upon said towns twenty-eight days before said May 8. Service was made according to the order. On the return day said towns appeared specially, and moved to dismiss the petition for want of proper notice, which the court *pro forma* refused, subject to exception.

*Woodward & Wellington*, for the petitioners.

The court has power, under sec. 18, ch. 207, of the Gen. Stats., to "order notice to be given in such manner as they think fit of any petition," &c., "filed therein." We understand that this section of the statute applies to cases filed in court during term time, and that the court is authorized to order a notice like the one in this case under it.

Section 2 of ch. 63 of the Gen. Stats., and the 68th rule of court, are for the government of the clerk of the court in cases filed during

vacation. This construction appears from this section of the statute, from the marginal note against it, from the rules of the court, and from sec. 19, of ch. 207.

Our best information is, that the practice of the court has been to issue notices in term time in cases of this kind, returnable on a day within the term, where the requisite number of days' notice could be given.

In *Kimball* v. *Marshall*, 44 N. H. 465, the court exercised the power to order a notice different from that ordinarily required by the rules, and such a notice was held to be good if its reasonableness and propriety were approved by the court. The propriety of such an order seems to be a matter of discretion with the court that makes it. The day when a town is summoned to appear (if the requisite time is given, as it was in this case) is not a matter of substance, but only a matter of form. If the statute first above cited does not apply to a case of this kind, it is difficult to see for what purpose it was made, or to discover the intent of its words.

*J. G. Bellows*, for the petitionees.

The statute, giving the court jurisdiction over the laying out and altering of highways in certain cases, provides carefully and particularly the manner in which an order of notice is to be issued and service made on the towns interested, and the term of court to which it is to be made returnable. Gen. Stats., ch. 63, secs. 1 and 2. The statute is peremptory, and where the statute directs the manner in which service is to be made or notice given, its requirements must be strictly followed. *Foster* v. *Haddock*, 6 N. H. 217 ; *Abbot* v. *Banfield*, 43 N. H. 155, and cases there cited. The words of a statute, if of common use, are to be taken in their natural, plain, obvious, and ordinary signification and import. 1 Kent's Com. 518. Applying this rule to the statute in question, it is difficult to see how its plain requirements can be satisfied by making the order of notice returnable to the same term of court at which it was issued, and by service on the defendant towns twenty-eight days before a day named, in the same term. The plain intention of the legislature would seem to be, that the order of notice must be issued and service made on these petitions twenty-eight days before the sitting of the court to which they are made returnable, as in the case of original writs and writs of mesne process.

HIBBARD, J. " The court shall order notice to be given, in such manner as they think fit, of any petition, complaint, libel, application, or motion in writing, and no judgment or decree shall be rendered thereon without compliance with such order." Sec. 18, ch. 207, Gen. Stats. That the foregoing section is broad enough in its terms to embrace this petition is not denied, but it is contended on the part of the petitioners that this case must be governed by the following provisions of ch. 63, Gen Stats.:

" Section 1. Petitions for laying out or altering highways may be filed in the office of the clerk of the supreme court in the following cases: I. When the selectmen have neglected or refused to lay out or alter the highway.   II. When it may pass over land not in any town. III. When it may pass over lands in two or more towns, one of which is in the county.   IV. When, having been laid out by the selectmen, it is discontinued by the town in two years thereafter.

" Sec. 2. When such petition is filed, the clerk shall issue an order of notice, with a copy of the petition, returnable to the next term of the court, and the petitioners shall cause a certified copy of the same to be given to or left at the places of abode of one of the selectmen and the town-clerk of each town through which such road may pass, twenty-eight days before the next term of said court."   If the section last cited embraces all petitions for laying out or altering highways, as the preceding section obviously does, it is plain that the notice given in this case, requiring the petitionees to appear, not at the next, but during the same term of court, was erroneously issued.   But the petitioners contend that the latter section applies only to petitions filed in vacation, leaving those filed in term-time to be governed by the general statute cited at the commencement of this opinion.   We do not think it was the intention of the legislature to make such a distinction. It certainly seems improbable that, in a chapter entitled " Powers of the supreme court in laying out highways," being the only chapter (as ch. 63 is) which prescribes the powers of the court in such cases, it could have been intended to provide a method of giving notice only on petitions filed in vacation, leaving those filed in term-time to be governed by a general provision relating to petitions.   The words " when such petition is filed " are equally applicable to petitions filed in term-time, and we think it would be an unreasonable construction to hold that they refer only to those filed in vacation.   A petition which is filed in open court may be regarded as filed in the clerk's office, within the meaning of sec. 1,—otherwise, we discover no authority for acting upon it after it is filed ; and we are of the opinion that all petitions for laying out or altering highways are embraced within the terms of sec. 2, and that, whether they are filed in vacation or in term-time, the order of notice must be returnable to the next term.

We are confirmed in this view by a reference to the corresponding provisions of the statutes for which those sections are a substitute. By sec. 1, ch. 50, Rev. Stats., " petitions relative to roads may be presented to the court of common pleas in term-time, or to the clerk in vacation," in the same four classes of cases embraced in sec. 1, ch. 63, Gen. Stats., and, by sec. 2, ch. 50, Rev. Stats., " upon the filing of such petitions with the clerk of the court in vacation or with the court in term-time, the clerk shall issue an order of notice with a copy of said petition returnable to the next term of the court," etc.   It was, therefore, at the time the General Statutes were enacted, expressly provided by the Revised Statutes then in force, that the order of notice on a petition for laying out or altering a highway should in all cases be

" returnable to the next term," although the court, by virtue of sec. 20, ch. 186, Rev. Stats., then had the same general authority to determine what notice should be given upon petitions that it now has by virtue of sec. 18, ch. 207, Gen. Stats., on which the petitioners rely. That the commissioners who drafted the General Statutes understood the difference between secs. 1 and 2, ch. 50, Rev. Stats., and secs. 1 and 2, ch. 63, Gen. Stats., to be merely " verbal," appears from the marginal notes to the latter sections as contained in their report to the legislature.

This petition, having been presented in term-time, may be considered filed in the clerk's office. Leave will be given to take a new order of notice returnable to the next term, if the petitioners desire it. Otherwise the motion to dismiss must prevail.

*Exception sustained.*

